## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CENTER FOR BIOLOGICAL DIVERSITY,

Plaintiff,

v.

U.S. ENVIRONMENTAL PROTECTION
AGENCY,

Defendant.

**FIRST AMENDED COMPLAINT
FOR DECLARATORY AND
INJUNCTIVE RELIEF**

Case No.:  1:17-cv-00816-KBJ

**Deleted:** 378 N  Main Avenue¶
Tucson, AZ 85701¶

**Deleted:** 1200 Pennsylvania Avenue, NW¶
Washington, DC 20460¶

**Formatted:** Indent: Left:  1"

**Deleted:** ¶

## INTRODUCTION

1.      In this action, the Center for Biological Diversity ("Center")—an environmental

conservation organization that works to protect native wildlife species and their habitats—

challenges the failure of the U.S. Environmental Protection Agency ("EPA") to provide the

communications of its administrator, Scott Pruitt, its unlawful redactions of information in

Administrator Pruitt's schedules, and its failure to apply a proper cut-off date to its search for

responsive records, in violation of the Freedom of Information Act, 5 U.S.C. § 552, *as amended*

("FOIA" or "Act"), or alternatively, the Administrative Procedure Act, 5 U.S.C. §§ 701-06

("APA").

**Deleted:** Agency's

**Deleted:** failure

**Deleted:** and schedules

2.      In response to a FOIA request dated February 28, 2017 ("Pruitt Communications

FOIA"), on March 2, 2017, EPA refused to provide the Center with Administrator Pruitt's

communications, wrongly claiming that the Center has not adequately described the records that

it requested.  The Center timely appealed this determination.  EPA affirmed its refusal to provide

Mr. Pruitt's communications in a determination on the Center's appeal on April 26, 2017.

3.      In response to the Center's FOIA request also dated February 28, 2017 ("Pruitt

Schedules FOIA"), after weeks of delay, on May 4, 2017, EPA responded with a final

determination, dated April 19, 2017, and a small number of responsive records.  However, EPA

provided the Administrator's schedules dated only through February 28, 2017, i.e., the date of

the Center's request.  EPA has not revealed the date when it actually searched for responsive

records, which would have been the appropriate cut-off date.  In addition, EPA redacted portions

of the Administrator's schedules pursuant to various FOIA exemptions, including FOIA

Exemption 5, 5 U.S.C. § 552(b)(5), FOIA Exemption 6, 5 U.S.C. § 552(b)(6), FOIA Exemption

7(D), 5 U.S.C. § 552(b)(7)(D), FOIA Exemption 7(F), 5 U.S.C. § 552(b)(7)(F).

4.      EPA's refusal to release records of communications of its administrator, its use of

an improper cut-off date for its search of the Administrator's schedules, and its overbroad

application of FOIA's narrow exemptions to his schedules are contrary to FOIA and undermine

FOIA's policy of government transparency.

5.      Thus, EPA is unlawfully withholding responsive records by failing to conduct an

adequate search for all records and by refusing to provide all non-exempt and reasonably

segregable portions of any records that contain material that may be withheld lawfully pursuant

to a FOIA exemption(s).

6.      Prompt access to these records is necessary to effectuate FOIA's purpose, thus the

Center seeks declaratory relief establishing that EPA has violated FOIA, or alternatively, the

APA.  The Center also seeks injunctive relief directing EPA to provide it with all responsive

records and reasonably segregable portions of any lawfully exempt records without further delay.

**Deleted:** EPA has failed to provide the Center with Administrator Pruitt's schedules   In its last update, EPA stated that it would provide the requested records

**Deleted:** 20, 2017   After this deadline came with no records, the Center inquired as to the status of its request   As

**Deleted:** the filing of this Complaint, the Center has still received no response to its follow-up inquiry or any

**Deleted:**  to its request

**Deleted:**  and schedules

**Deleted:**  undermines

**Deleted:**  the

**Deleted:** responsive

**Deleted:** may

**Deleted:** is

**Deleted:** exempt

**Deleted:** any improperly withheld

**Deleted:** all

**Deleted:** any

**Deleted:**

2

<u>**JURISDICTION AND VENUE**</u>

7.      This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA, <u>or</u> the APA, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

8.      Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district, because a portion of the responsive records may be found in this district.

9.      Declaratory relief is appropriate under 28 U.S.C. § 2201.

10.     Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

11.     Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States.  The Center has more than 58,000 members.  The Center and its members are harmed by EPA's violations of FOIA, or alternatively the APA, as such violations preclude the Center from gaining a full understanding of the activities, priorities, and communications of the EPA administrator.

12.     Defendant U.S. ENVIRONMENTAL PROTECTION AGENCY is an independent agency of the executive branch of the U.S. government.  EPA is in possession and control of the records that the Center seeks, and as such, is subject to FOIA pursuant to 5 U.S.C. § 552(f).  EPA is the federal agency responsible for applying and implementing the federal laws and regulations at issue in this complaint.

**Deleted:** it

**STATUTORY BACKGROUND**

13.     FOIA's basic purpose is for government transparency.  It establishes the public's right to access all federal agency records unless such records may be withheld pursuant to one of nine, narrowly construed FOIA exemptions.  5 U.S.C. § 552(b)(1)-(9).

14.     FOIA imposes strict and rigorous deadlines on federal agencies when they receive requests for records pursuant to FOIA.  Specifically, an agency must determine whether to disclose responsive records and notify the requester of its determination within 20 working days of receiving a FOIA request, and it must make records "promptly" available, unless it can establish that certain unusual circumstances are present and/or that it may lawfully withhold records, or portions thereof, from disclosure.  *Id.* § 552(a)(3)(A), (a)(6).  Also within 20 working days, the agency must inform the requester that it has a right to appeal the agency's determination.  *Id.* § 552(a)(6)(A)(i).

15.     FOIA places the burden on the agency to prove that it may withhold responsive records from a requester.  *Id.* § 552(a)(4)(B).

16.     Congress has specified limited circumstances in which federal agencies may obtain more time to make the determination that is required by 5 U.S.C. § 552(a)(6)(A)(i).

17.     First, an agency may toll the 20-working-day deadline to seek additional information or clarification from a requester, but that tolling period ends when the agency receives such information or clarification.  *Id.* § 552(a)(6)(A)(ii).

18.     Second, an agency may extend the 20-working-day deadline for an additional 10 working days by giving a written notice to the requester that sets forth "unusual circumstances" to justify a deadline extension which also requires that it provide the date by which the agency expects to make the determination.  *Id.* § 552(a)(6)(B)(i).  However, to invoke such "unusual

| Deleted: a request |
| --- |

circumstances," the agency must provide the requester with "an opportunity to limit the scope of the request so that it may be processed within [20 working days] or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* § 552(a)(6)(B)(ii). In addition, when asserting unusual circumstances, the agency "shall make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency." *Id.*

19. FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)-(D). The cut-off date for the agency's search is the date that the agency conducts the search and not any other date.

20. FOIA requires federal agencies to expeditiously disclose requested records, *see id.* § 552, and mandates a policy of broad disclosure of government records. Any inquiry under FOIA brings with it a strong presumption in favor of disclosure.

21. Congress recognized that in certain, limited instances, records may be withheld as exempt from FOIA's broad disclosure mandate, and thus created nine categories of exemptions. *Id.* § 552(b). These exemptions, however, are narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

22. FOIA Exemption 5 allows agencies to withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." *Id.* § 552(b)(5). This exemption encompasses three privileges: the deliberative-process privilege, the attorney-client privilege, and the attorney-work-product privilege.

5

23.     FOIA Exemption 6 allows agencies to withhold "personnel and medical files and similar files" only if the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." *Id.* § 552(b)(6).  Exemption 6 requires a balancing of an individual's right of privacy against the preservation of the basic purpose of FOIA, which is to expose agency action to the light of public scrutiny.  Only individuals have cognizable privacy interests under this exemption; thus, corporations, businesses, and partnerships have no privacy interest under Exemption 6.  Likewise, identifying information about agency officers and staff members does not implicate a privacy interest under Exemption 6.

24.     FOIA Exemption 7 allows agencies to withhold "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information" could reasonably be expected to cause any of the specified harms that are enumerated in the Act.  *Id.* § 552(b)(7).  An agency may not invoke Exemption 7 if it lacks clear authority to conduct a law enforcement investigation.

25.     FOIA Exemption 7(D) allows agencies to withhold information that has been "compiled for law enforcement purposes" and which "could reasonably be expected to disclose the identity of a confidential source, including a state, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source." *Id.* § 552(b)(7)(d).

26.     FOIA Exemption 7(F) allows agencies to withhold information "compiled for law enforcement purposes" when disclosure "could reasonably be expected to endanger the life or physical safety of any individual." *Id.* § 552(b)(7)(f).

6

27.     FOIA provides that a request for records must be "reasonably described." *Id.* §
552(a)(3)(A)(i).  EPA's regulations specify that a FOIA request "should reasonably describe the
records you are seeking in a way that will permit EPA employees to identify and locate them,"
and that "[w]henever possible, … should include specific information about each record sought,
such as the date, title or name, author, recipient, and subject matter."  40 C.F.R. §2.102(c).
Courts have determined that a FOIA request reasonably describes the requested records so long
as the agency's records custodian can locate the records.

28.     The U.S. district courts have jurisdiction "to enjoin the agency from withholding
agency records and to order the production of any agency records improperly withheld from the
complainant." *Id.* § 552(a)(4)(B).

29.     Alternatively, an agency's response to a FOIA request and/or a FOIA appeal is
subject to judicial review under the APA, which confers a right of judicial review on any person
who is adversely affected by agency action, 5 U.S.C. § 702, and authorizes district courts to
compel agency action that is unlawfully withheld or unreasonably delayed. *Id.* § 706(1).  District
courts must set aside any agency action that is found to be "arbitrary, capricious, an abuse of
discretion or otherwise not in accordance with law." *Id.* § 706(2)(A).

## FACTUAL BACKGROUND

### Pruitt Communications FOIA Request

30.     On February 28, 2017, just over a week after Mr. Pruitt was confirmed as EPA
Administrator for the Trump Administration, the Center submitted a FOIA request through
EPA's online FOIA portal, FOIAOnline.regulations.gov.  The Center requested all of Mr.
Pruitt's correspondence, "including but not limited to, all letters, emails, text messages, instant
messages, voicemails, and phone logs for any phones utilized by . . . EPA Administrator Scott

7

Pruitt . . . from any and all agency and EPA servers, cloud portals, secure websites, computers, tablets, smart phones, etc., sent to or from Mr. Pruitt, with the exception of any records that are or will be publicly available (e.g., through regulations.gov)." In its request, the Center made clear that it is "not requesting the actual email addresses utilized by Mr. Pruitt in the course of his official duties, but only the correspondence sent to and from his email addresses."

31.     The same day, EPA acknowledged the Center's request and assigned it tracking number EPA-HQ-2017-004360 ("Pruitt Communications FOIA Request").

32.     By email dated March 1, 2017, just two weeks after Mr. Pruitt's confirmation, EPA responded and refused to process the Center's request. EPA claimed that the Center's request "does not reasonably define a set of records to search as required by the FOIA and EPA regulations." EPA claimed that the Center was required to but did not provide "key terms, subject matters or titles."

33.     By letter dated the next day, EPA formally denied the Center's Pruitt Communications FOIA Request on the basis that "EPA cannot process your request as currently constructed."

34.     On March 15, 2017, the Center appealed EPA's refusal to process its request, explaining that EPA can determine what records were requested, and that neither FOIA nor EPA regulations require the Center to provide search terms, titles, or subject matters. As the Center explained, the Center requested *all* of Mr. Pruitt's correspondence for the purpose of learning about *which* subject matters Mr. Pruitt is communicating. The Center explained that without the requested information, it was not in a position to provide the kinds of specific details that EPA demanded.

35.     EPA acknowledged the Center's appeal on March 15, 2017.

8

**Deleted:** is able to

36.     After taking an extension, EPA issued a final determination more than a month after receiving the Center's appeal, in which it affirmed its refusal to process the Center's request.  EPA repeated its claim that the Center was required but did not provide any subject matters, and it again argued that the Center's request was too burdensome for EPA to process.

37.     Had EPA simply searched for records responsive to the Center's Pruitt Communications Request, rather than refuse to do so or delay its determination, only two weeks' worth of responsive records would have been responsive to the request.

**Pruitt Schedules FOIA Request**

38.     On February 28, 2017, the Center sent a request for records to EPA, also pursuant to FOIA, seeking "all calendars and/or schedules, including but not limited to travel itineraries and meeting schedules" of Mr. Pruitt.  EPA acknowledged the request the same day it was sent and assigned it tracking number EPA-HQ-2017-004359 ("Pruitt Schedules FOIA Request").

39.     After receiving no further communication from EPA regarding its Pruitt Schedules FOIA Request, on March 29, 2017, the Center sent a notice of deadline violation and offered to assist EPA in processing the Center's request.  EPA acknowledged receipt of this letter on March 30, 2017.

40.     By email dated March 30, 2017, on behalf of EPA's Office of the Secretariat, Ana Espinoza stated that EPA was conducting a search for responsive records, that she expected to receive and review responsive records soon, and that she "anticipate[d] to have this request closed in the next 15 business [days]"—*i.e.*, by April 20, 2017.

41.     As of the initiation of this lawsuit on May 2, 2017, which was nine working days since EPA's estimated completion date of April 20, 2017, the Center had received no records or

Deleted: an offer

Deleted: On

Deleted: filing

Deleted: complaint,

Deleted: is

Deleted: -

Deleted: has

Deleted: , no

additional communications from EPA, or an updated estimate of the date of the agency's

determination of the Center's Pruitt Schedules Request.

42.     In connection with the Pruitt Schedules FOIA Request, EPA did not (1) request

additional information from the Center, (2) notify the Center of any "unusual circumstances" that

prevent it from complying with FOIA's deadline for a determination, or (3) provide a new date

by which it expects to make a determination on the Center's FOIA Appeals.  *Id.* § 552(a)(6)(A)-

(B).

43.     On May 4, 2017, EPA released a final determination along with 41 pages of

responsive records to the Center containing Mr. Pruitt's schedules dated from February 17, 2017

through February 28, 2017.  EPA applied numerous redactions, claiming that it could do so

lawfully pursuant to FOIA Exemption 5, Exemption 6, Exemption 7(D) and Exemption 7(F).

44.     None of FOIA's nine exemptions to the statute's disclosure mandate apply to the

records that are responsive to the Center's FOIA Requests.  *Id.* § 552(b).

45.     The Center has been required to expend resources to prosecute this action.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

EPA Refused to Search for and Disclose Records that are Responsive to the Center's Pruitt
Communications FOIA Request, Number EPA-HQ-2017-004360

46.     Plaintiff re-alleges and incorporates by reference the allegations made in all

preceding paragraphs.

47.     EPA violated FOIA and EPA's implementing regulations for FOIA by refusing to

disclose records that are responsive to the Center's Pruitt Communications FOIA Request,

number EPA-HQ-2017-004360.

10

---

**Deleted:** has

**Deleted:** requested

**Deleted:** notified

**Deleted:** provided

**Deleted:** <#>EPA failed to provide the Center with reasonably segregable portions of the requested records after deletion of any portions which may be lawfully withheld from disclosure under any FOIA exemption(s)  *Id.*¶

**Deleted:** ¶
¶

**Deleted:**  Records

48.     The Center has a statutory right to the records it seeks, and there is no legal basis for EPA to assert that the Center did not reasonably describe the records that it seeks.

49.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

50.     The Center's organizational activities will be adversely affected if EPA continues to violate FOIA's disclosure provisions as it has in this case.

51.     Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, EPA will continue to violate Plaintiff's rights to receive public records under FOIA.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

EPA Missed FOIA's Mandatory Determination Deadline for the Center's Pruitt Schedules FOIA
Request, Number EPA-HQ-2017-004359

52.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

53.     The Center has a statutory right to a lawful final determination from EPA on its Pruitt Schedules FOIA Request, number EPA-HQ-2017-004359, in a manner that complies with FOIA.  EPA has violated the Center's rights in this regard by unlawfully delaying its response beyond the deadline that FOIA mandates. 5 U.S.C. § 552(a)(6)(A)(i).

54.     The Center's organizational activities will be adversely affected if EPA is allowed to continue violating FOIA's decision deadlines as it has in this case.

55.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

Formatted: No underline

EPA Unlawfully Withheld Material from Records Responsive to the Center's Pruitt Schedules
FOIA Request, Number EPA-HQ-2017-004359

56.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

57.     The Center has a statutory right to the records it seeks, and there is no legal basis for EPA to assert that any of FOIA's nine exemptions to mandatory disclosure apply to withhold these records from the Center.  *See* 5 U.S.C. § 552(b)(1)-(9).

58.     EPA has unlawfully withheld from disclosure records that are responsive to the Center's Pruitt Schedules FOIA Request, Number EPA-HQ-2017-004359, based on the unlawful and overly broad application of the following FOIA Exemptions:

a.   FOIA Exemption 5, 5 U.S.C. § 552(b)(5);

b.   FOIA Exemption 6, 5 U.S.C. § 552(b)(6);

c.   FOIA Exemption 7(D), 5 U.S.C. § 552(b)(7)(D); and

d.   FOIA Exemption 7(F), 5 U.S.C. § 552(b)(7)(F).

59.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

60.     The Center's organizational activities will be adversely affected if EPA continues to violate FOIA's disclosure provisions as it has in this case.

61.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

12

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

EPA Failed to Conduct an Adequate Search for Records that are Responsive to the
Center's Pruitt Communications and Schedules FOIA Requests,
Numbers EPA-HQ-2017-004360 and EPA-HQ-2017-004359

62.    Plaintiff re-alleges and incorporates by reference the allegations made in all

preceding paragraphs.

63.    The Center has a statutory right to have EPA process its FOIA requests in a

manner that complies with FOIA.  5 U.S.C. § 552(a)(3).  EPA violated the Center's rights in this

regard when it unlawfully failed to undertake a search that uses a proper cut-off date for the

agency's search and that is reasonably calculated to locate all records that are responsive to the

following FOIA requests:

        a.   EPA-HQ-2017-004360 (Pruitt Communications FOIA Request)

        b.   EPA-HQ-2017-004359 (Pruitt Schedules FOIA Request)

64.    Based on the nature of the Center's organizational activities, it will undoubtedly

continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

65.    The Center's organizational activities will be adversely affected if EPA continues

to violate FOIA's requirement to undertake a search that is reasonably calculated to locate

records that are responsive to the Center's FOIA requests.

66.    Unless enjoined and made subject to a declaration of the Center's legal rights by

this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

13

**FIFTH CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

EPA Failed to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

67.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

68.     The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions.  5 U.S.C. § 552(b).

69.     EPA violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the following FOIA Requests:

c.     EPA-HQ-2017-004360 (Pruitt Communications FOIA Request)

d.     EPA-HQ-2017-004359 (Pruitt Schedules FOIA Request)

70.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

71.     The Center's organizational activities will be adversely affected if EPA is allowed to continue violating FOIA's disclosure provisions as it has in this case.

72.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

**SIXTH CLAIM FOR RELIEF**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**
**(In the Alternative to the First through Fourth Claims)**

EPA Unlawfully Withheld or Unreasonably Delayed Actions That FOIA Requires

73.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

14

74.     EPA unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to (1) search for and disclose records that are responsive to the Center's Pruitt Communications FOIA Request, number EPA-HQ-2017-004360; (2) make a timely and lawful determination on the Center's Pruitt Schedules FOIA Request, number EPA-HQ-2017-004359; (3) conduct a search that is reasonably calculated to locate all responsive records to both of these FOIA requests and which utilizes a lawful cut-off date for the search; (4) provide the Center with records that are responsive to its FOIA Requests, which are not within the scope of any of FOIA's exemptions to mandatory disclosure; and (5) provide the Center with all reasonably segregable portions of responsive records to the Center's Pruitt Communications FOIA Request, number EPA-HQ-2017-004360 in the event that records may be subject to an exemption.  EPA's failures constitute agency actions that are unlawfully withheld, and therefore, these actions are actionable pursuant to the APA, 5 U.S.C. § 706(1).

75.     Alternatively, EPA unreasonably delayed agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal:  (1) to search for and disclose records that are responsive to EPA-HQ-2017-004360; (2) to make a timely and lawful determination on EPA-HQ-2017-004359; (3) to conduct a search that is reasonably calculated to locate all records that are responsive to both of the Center's FOIA requests and which utilizes a lawful cut-off date for the search; (4) provide the Center with records that are responsive to its FOIA Requests, which may not be withheld pursuant to any of FOIA's narrowly construed exemptions to mandatory disclosure; and (5) to provide the Center with reasonably segregable portions of records responsive to the Center's Pruitt Communications FOIA Request, number EPA-HQ-2017-004360 which contain any material that may be lawfully withheld under an exemption(s).

| | |
|---|---|
| Deleted: ; | |
| Deleted: either Center FOIA request | |
| Deleted: ; | |
| Deleted: (4 | |
| Deleted: either of | |
| Deleted: requests | |
| Deleted: subject to any | |
| Deleted: | |

EPA's failures constitute agency action unreasonably delayed and therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

76.     As alleged above, EPA's failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of its statutory duties under the APA.

77.     The Center has suffered a legal wrong as a result of EPA's failure to comply with the mandates of FOIA.  As alleged above, EPA violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

78.     The Center has no other adequate remedy at law to redress the violations noted above.

79.     Plaintiff is entitled to judicial review under the APA, 5 U.S.C. § 702.

**SEVENTH CLAIM FOR RELIEF**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**
**(In the Alternative to the First through Eighth Claims)**

EPA's Violations of FOIA's Requirements Are Arbitrary, Capricious,
an Abuse of Discretion, or Otherwise Not in Accordance with Law

80.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

81.     EPA violated FOIA's statutory mandates due to its failure and refusal because it failed to (1) search for and disclose records that are responsive to EPA-HQ-2017-004360; (2) make a timely and lawful determination on EPA-HQ-2017-004359; (3) conduct a search that is reasonably calculated to locate all records that are responsive to both of the Center's FOIA requests and which utilizes a lawful cut-off date for the search; (4) provide the Center with records that are responsive to its FOIA Requests, which may not be withheld pursuant to any of FOIA's narrowly construed exemptions to mandatory disclosure; and (5) provide the Center with

16

Moved up [1]: SIXTH CLAIM FOR RELIEF¶
VIOLATION OF THE ADMINISTRATIVE
PROCEDURE ACT¶
(In the Alternative to the First through

Formatted: No underline

Deleted: ;

reasonably segregable portions of records responsive to the Center's Pruitt Communications FOIA Request, number EPA-HQ-2017-004360 which contain any material that may be subject withheld lawfully under an exemption(s).  By repeatedly violating FOIA's statutory mandates, EPA's actions are arbitrary, capricious, an abuse of discretion, or not in accordance with the law and therefore actionable pursuant to the APA, 5 U.S.C. § 706(2)(A).

82.     As alleged above, EPA's repeated failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of the agency's statutory duties under the APA.

83.     The Center has suffered a legal wrong as a result of EPA's failure to comply with the mandates of FOIA.  As alleged above, EPA violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

84.     The Center has no other adequate remedy at law to redress the violations noted above.

85.     The Center is entitled to judicial review under the APA, 5 U.S.C. § 702.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

1.     Order Defendant to conduct searches that are reasonably calculated to locate all records responsive to Plaintiff's FOIA Requests, numbers EPA-HQ-2017-004359 and EPA-HQ-2017-004360, with the cut-off date for such searches being the date the searches are conducted, and to provide Plaintiff, by a date certain, with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

2.     Declare that Defendant's failures to undertake a search that utilizes a lawful cut-off date for and disclose to Plaintiff  all records that are responsive to Plaintiff's FOIA Requests,

17

as alleged above, are unlawful under FOIA, U.S.C. § 552(a)(6)(A)(i), or in the alternative, are

agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or

are arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

3.      Declare that Defendant's failure to timely make a determination on Plaintiff's

FOIA Requests is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i) and (ii), or in the alternative,

is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1),

or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. §

706(2)(A).

4.      Declare that Defendant's failure to properly apply Exemption 5 of FOIA, 5 U.S.C.
§ 552(b)(5), Exemption 6 of FOIA, 5 U.S.C. § 552(b)(7), Exemption 7(D) of FOIA, 5 U.S.C. §
552(b)(7)(D), and Exemption 7(F) of FOIA, 5 U.S.C. § 552(b)(7)(F),  is unlawful under FOIA,
or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed,
5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with
law, 5 U.S.C. § 706(2).

5.      Declare that Defendant's failure to provide Plaintiff with reasonably segregable

portions of records which may be lawfully subject to a FOIA exemption, as alleged above, is

unlawful under FOIA, U.S.C. § 552(a)(7)(b), or in the alternative, is agency action that has been

unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an

abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

6.      Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. §

552(a)(4)(E) or 28 U.S.C. § 2412.

7.      Grant such other and further relief as the Court may deem just and proper.

18

DATED: May 23, 2017                    Respectfully submitted

                                          */s/ Amy R. Atwood*
                                          Amy R. Atwood (D.C. Bar No. 470258)
                                          Center for Biological Diversity
                                          P.O. Box 11374
                                          Portland, OR 97211-0374
                                          (971) 717-6401
                                          atwood@biologicaldiversity.org

                                          */s/ Margaret E. Townsend*
                                          Margaret E. Townsend (OR Bar No. 144463)
                                          *Admitted pro hac vice*
                                          Center for Biological Diversity
                                          P.O. Box 11374
                                          Portland, OR 97211-0374
                                          (971) 717-6409
                                          mtownsend@biologicaldiversity.org

                                          *Attorneys for Plaintiff*

19

**CERTIFICATE OF SERVICE**

On this 23rd day of May, 2017, I do hereby certify that I have served a copy of the foregoing Amended Complaint upon the below-listed party electronically via the Court's ECF Filing system:

Marina Utgoff Braswell,
D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office, Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2561
marina.braswell@usdoj.gov

DATED:  May 23, 2017                              Respectfully submitted,


                                                 /s/ Margaret E. Townsend

                                                 Margaret E. Townsend (OR Bar No. 144463)
                                                 *Admitted pro hac vice*
                                                 Center for Biological Diversity
                                                 P.O. Box 11374
                                                 Portland, OR 97211-0374
                                                 (971) 717-6409
                                                 mtownsend@biologicaldiversity.org

> **Formatted:** Font: Not Italic